**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL E. SANDERS                                                                                     PLAINTIFF

v.                                                  No. 4:08CV00421 JLH

UNUM LIFE INSURANCE COMPANY
OF AMERICA and BALDOR ELECTRIC
COMPANY STD and LTD PLANS                                              DEFENDANTS

**OPINION AND ORDER**

      Michael E. Sanders brought this action against Unum Life Insurance Company of America and Baldor Electric Company STD and LTD Plans seeking to recover disability benefits that he claims are due under the ERISA plan sponsored by his former employer, Baldor Electric Company. Baldor is the plan administrator with authority under the plan to delegate its duties. Unum insures the plan and also acts as the claims administrator with authority delegated by Baldor to determine eligibility for benefits.

      Sanders served interrogatories and requests for production on Unum, and Unum has declined to answer most of the interrogatories and produce most of the documents requested by Sanders. Sanders has now filed a motion to compel discovery arguing that Unum's objections are not appropriate because they are inconsistent with the decision of the United States Supreme Court in *Metro. Life Ins. Co. v. Glenn*, 544 U.S. ___, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008).

      At the heart of ERISA is an effort to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993)). In keeping with this aim, the scope of discovery in an ERISA case is more limited than generally allowed under Rule 26(c) of the Federal Rules of Civil

Procedure. *See, e.g., Galm v. Eaton Corp.*, 360 F. Supp. 2d 978, 982 (N.D. Iowa 2005); *Bennett v. UNUM Life Ins. Co. of Am.*, 321 F. Supp. 2d 925, 928 (E.D. Tenn. 2004). The limited nature of discovery is best viewed in light of the narrow scope of admissible evidence upon review. *Galm*, 360 F. Supp. 2d at 982.

While ERISA does not specify a standard of review, the Supreme Court has held that where the benefit plan gives the "administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the court should review the benefit determination for an abuse of discretion. *Buttram v. Central States, Southeast and Southwest Areas Health and Welfare Fund*, 76 F.3d 896, 899 (8th Cir. 1996) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Here, the plan grants the plan administrator such discretionary authority, which triggers the abuse of discretion standard of review under *Bruch*. *See, e.g., Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 629 (5th Cir. 2004); *Gannon v. Metro. Life Ins. Co.*, 360 F.3d 211, 213 (1st Cir. 2004). Under the abuse of discretion standard, the Court considers only evidence that was before the plan administrator. *See Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641 (8th Cir. 1997). Admission of evidence not considered by the plan administrator is "ruled out" on deferential review. *Seitz Foods*, 140 F.3d at 1200. Even on *de novo* review, expansion of the administrative record is discouraged and warranted only upon a showing of good cause. *Donatelli*, 992 F.2d at 765.

The fact that Unum was granted discretionary authority sufficient to warrant abuse of discretion review does not end the inquiry, however. Under Eighth Circuit law, less deferential review is warranted where the plaintiff "presents 'material, probative evidence demonstrating that (1) a palpable conflict of interest or serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to him.'" *Delta Family-Care Disability and*

2

*Survivorship Plan v. Marshall*, 258 F.3d 834, 840-41 (8th Cir. 2001) (quoting *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998)).  To satisfy the second prong, the plaintiff must show that the conflict or procedural irregularity has "some connection to the substantive decision reached." *Buttram*, 76 F.3d at 901.  This prong presents a considerable hurdle to a plaintiff seeking a less deferential standard of review.  *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 948 (8th Cir. 2000).  "The evidence offered by the claimant must give rise to 'serious doubts as to whether the result reached was the product of arbitrary decision or the plan administrator's whim.'"  *Barnhart v. UNUM Life Ins. Co. of Am.*, 179 F.3d 583, 589 (8th Cir. 1999) (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1250 (8th Cir. 1998)).

"Conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits."  *Farley v. Ark. Blue Cross and Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998).  *See also Barnhart*, 179 F.3d at 589 (stating that the alleged existence of procedural irregularities, including "secret" processing of the claim, were subject to properly conducted discovery).  That said, "[a] palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties."  *Farley*, 147 F.3d at 776 n.4.  Discovery is rarely necessary to establish these facts.  *Id*.  *See also Galm*, 360 F. Supp. 2d at 984.

Sanders argues that the Supreme Court changed the landscape with respect to discovery in ERISA cases in *Glenn*.  In *Glenn*, the Court held that for ERISA purposes a conflict of interest exists when a plan administrator both evaluates claims for benefits and pays claims from its own resources.  128 S. Ct. at 2348.  The Court said that the conflict should be weighed as a factor in determining whether there is an abuse of discretion but does not convert the standard of review to a *de novo*

review. *Id*. at 2350. *See also Jones v. Mountaire Corp. Long Term Disability Plan*, ___ F.3d ___, 2008 WL 4163498, at *5 (Sept. 11, 2008); *Louden v. UNUM Life Ins. Co. of Am.*, 2008 WL 2630295 (July 7, 2008); *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 581-82 (8th Cir. 2008). Among the many factors that a court must consider in determining whether an ERISA fiduciary abused its discretion, that the fiduciary both decides whether the claimant is eligible for benefits and pays benefits is but one; and, like all the other factors that must be taken into consideration, in a close case, that one factor might be a tie-breaker. *Glenn*, 128 S. Ct. at 2351; *Wakkinen*, 531 F.3d at 581-82.

Although Sanders earnestly argues that *Glenn* has changed the landscape for discovery in ERISA disability appeals, the Court does not agree. *Glenn* clarified the law by holding, first, that a conflict of interest exists when the same entity evaluates claims and pays claims from its own resources; second, that the conflict of interest does not change the standard of review from deferential to *de novo* review; and, third, that this conflict should be considered as one factor in deciding whether the plan fiduciary breached its duty. Before *Glenn*, some Eighth Circuit opinions had already recognized that a conflict of interest exists when the same entity determines eligibility for benefits and pays these benefits. *Schatz*, 220 F.3d at 448; *Barnhart*, 179 F.3d at 588.[1] There is no indication in those cases that the conflict of interest triggered, or should have triggered, expanded discovery. Indeed, this kind of conflict "will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation to establish these facts." *Farley*, 147 F.3d at 776 n.4.

---

[1] *But see McGarrah v. Hartford Life Ins. Co.*, 234 F.3d 1026, 1030 (8th Cir. 2000); *Davolt v. Exec. Comm. of O'Reilly Auto.*, 206 F.3d 806, 809 (8th Cir. 2000).

It is true that in *Glenn* the Court said, *in dicta*, "[n]either do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Glenn*, 128 S. Ct. at 2351. Sanders argues that what the Supreme Court meant was that the rules of discovery ordinarily applicable in civil cases should apply. That reading of *Glenn* is, in this Court's view, mistaken. According to Sanders's argument, discovery would be limited in ERISA cases except when the entity that evaluates the claims for benefits is also the entity that pays benefits, and then all of the discovery tools available under the Federal Rules of Civil Procedure would be available; but that appears to be the opposite of what the Supreme Court intended to say in *Glenn*. When the Supreme Court said that it was not necessary or desirable for courts to create special burden-of-proof rules or other special procedural or evidentiary rules "focused narrowly upon the evaluator/payor conflict," it did so as a part of the explanation that the conflict was simply one of many factors to be taken into account in reviewing a claim to determine whether the fiduciary abused its discretion. In other words, the Supreme Court intended to say that cases in which the same entity evaluates claims for benefits and pays claims should be governed by the rules that govern other ERISA claims. Sanders's argument would single those cases out to be treated in a manner differently from other ERISA cases. The Supreme Court held that courts may take into account as one factor that the entity who determines eligibility for benefits will be the entity who pays the claim, but the Court did not say and seemed to take pains to repudiate the notion that the review in such a case will be significantly different from the review in other ERISA cases. It is difficult to see why the holding in *Glenn* would justify opening the door to full discovery under the Federal Rules of Civil Procedure when the one factor that *Glenn* says may be taken into account is evident from the face of the record.

Because this Court does not believe that *Glenn* mandates a change in the discovery rules applicable in ERISA cases in which the same entity evaluates claims and pays claims from its own resources, the Court will continue to be guided by the Eighth Circuit cases that pre-date *Glenn*. According to those cases, limited discovery may be permitted to assist the Court in determining the appropriate standard of review. *Farley*, 147 F.3d at 776 n.4. The Eighth Circuit has reviewed an ERISA claim *de novo* when the plan administrator was also the insurer and provided incentives and bonuses to claims reviews board on "claims savings." *Armstrong v. Aetna Life Ins. Co.*, 128 F.3d 1263, 1265 (8th Cir. 1997). Accordingly, the Court will permit discovery on the issue of whether individuals who reviewed Sanders's claim had a financial incentive to deny his claim.

Regardless of whether it would have an effect on the standard of review in this case, Sanders is entitled to know whether the review conducted by Unum in his case complied with Unum's internal guidelines and policies, if such guidelines and policies exist. Federal regulations provide that "[i]n the case of an adverse benefit determination on review, the plan administrator shall provide such access to, and copies of, documents, records, and other information" "relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(i)(5) and (j)(3). A document, record, or other information is relevant to a claim for benefits if it:

> (i)  Was relied upon in making the benefit determination;
> (ii)  Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
> (iii)  Demonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
> (iv)  In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8). Paragraph (b)(5) states:

> (b) Every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations (hereinafter collectively referred to as claims procedures). The claims procedures for a plan will be deemed to be reasonable only if –
>
> * * *
>
> (5) The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claims.

29 C.F.R. § 2560.503-1(b)(5). If the plan administrator relies upon an internal rule, guideline, protocol, or other similar criterion in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion must be provided to the claimant or, in the alternative, a statement that the plan relied upon the rule, guideline, protocol, or other similar criterion and that a copy of such will be provided free of charge to the claimant upon request. 29 C.F.R. § 2560.503-1(j)(5)(i).

These regulations oblige Unum to have claims procedures designed to ensure and verify that benefit claim determinations are decided according to the relevant plan and consistent with other similarly situated claims. These regulations similarly oblige Unum to provide claimants with information that demonstrates compliance with these procedures. To the extent that information covered by this regulation is not already included in the administrative record, Unum is directed to provide this information to Sanders within twenty days of the entry of this Opinion and Order.

Sanders has propounded thirteen interrogatories and thirty-four requests for production of documents seeking a great deal of detailed information that goes far beyond the administrative record or the specific issues relating to whether Unum abused its discretion in denying his claim for disability benefits. For the reasons stated above, Sanders's motion to compel discovery is

GRANTED IN PART and DENIED IN PART.  Sanders will be permitted discovery on the issue of whether individuals who reviewed his claim had a financial incentive to deny his claim and to the extent stated in the preceding paragraph of this Opinion and Order.  Otherwise, discovery will not be permitted.  Document #8.

    IT IS SO ORDERED this 2nd day of October, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE